# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH L MARTIN, | Case No. 2:19-cv-00925-RFB-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| STEVEN SISOLAK, et al., | |
| Defendants. | |

Presently before the court is plaintiff Kenneth L. Martin's motion for reconsideration (ECF No. 4), filed on June 25, 2019. The court denied plaintiff's application to proceed *in forma pauperis* for failure to fully complete the first page of the application and for failure to provide an inmate account statement from the last six months. (Order (ECF No. 3).) The court ordered plaintiff to file a complete application or to pay the filing fee within 30 days from the date of the order. (*Id.*) Plaintiff now moves for reconsideration of the court's order denying his application to proceed *in forma pauperis*, arguing that he has no source of income. Plaintiff also states that he has interest in an attachment bond but does not reference the case associated with the bond.

Under Local Rule 59-1(a)

> A party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood. Changes in legal or factual circumstances that may entitle the movant to relief also must be stated with particularity. The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction. Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.

LR 59-1.

1   Here, plaintiff moves for reconsideration on the basis of insufficient income, and an
2   alleged attachment bond in which he maintains possessory interest. In reviewing the motion, the
3   court finds that plaintiff has not provided newly discovered evidence that was unavailable to him
4   at the time he filed his motion.  Plaintiff's argument of insufficient income was the basis of his
5   initial *in forma pauperis* application, and, thus, does not qualify as newly discovered evidence.
6   Further, plaintiff has provided insufficient information regarding the alleged attachment bond,
7   leaving the court unable to assess its relevance to this case.  Lastly, the court does not find any
8   indication of clear error in its initial decision, nor has there been an intervening change in the
9   statute governing prisoner *in forma pauperis* applications.  As such, the court denies the motion
10  for reconsideration.  However, the court finds good cause to extend plaintiff's deadline to remedy
11  the deficiencies in his *in forma pauperis* application by an additional 30 days.  Plaintiff is advised
12  that if he chooses to file a new application to proceed *in forma pauperis*, then he must provide the
13  required inmate account statement and a properly executed financial affidavit.

14      IT IS THEREFORE ORDERED that the clerk of court must send plaintiff the approved
15  form application to proceed *in forma pauperis* by a prisoner, as well as the accompanying
16  information form and instructions for filing an *in forma pauperis* application.

17      IT IS FURTHER ORDERED that within thirty days from the date of this order, plaintiff
18  must either: (1) file a complete application to proceed *in forma pauperis*, on the correct form with
19  complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $400
20  fee of $400.00.

21      IT IS FURTHER ORDERED that failure to timely comply with this order may result in
22  dismissal of this action.

23      DATED: July 10, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE